Filed 4/22/22  P. v. Davila CA2/5
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B298856 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA090972) |
| v. | |
| GILBERT JOSEPH DAVILA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Salvatore T. Sirna, Judge.  Reversed and remanded with directions.

Mark S. Givens, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2010, defendant Gilbert Davila and his two codefendants assaulted two men, for which they were each convicted of two counts of attempted premeditated murder. The evidence and verdicts indicated defendant and one codefendant personally assaulted one victim, while the other codefendant personally assaulted the second victim. In 2013, we affirmed the convictions, rejecting the defendants' claim of insufficient evidence. Specifically, with respect to the victim that each defendant did not personally assault, we held the evidence was sufficient to uphold the convictions on a theory of aiding and abetting under the natural and probable consequences doctrine. (*People v. Davila* (May 3, 2013, B239117) [nonpub. opn.] [2013 WL 1874740, pp. *5-*6].)

In 2019, defendant filed a petition for resentencing under Penal Code section 1170.95 (section 1170.95). He used a form petition which had been created for defendants who were convicted of murder and believed they were entitled to relief under section 1170.95. Because defendant was not convicted of murder, but instead of attempted murder, he interlineated "attempted" at one point in the petition. He requested assistance of counsel. The trial court summarily denied his petition without a hearing or appointment of counsel.

In 2020, we affirmed the order denying defendant's section 1170.95 petition. We concluded that the terms of section 1170.95, as they then existed, permitted relief only for those convicted of murder, not attempted murder. (*People v. Davila* (Aug. 28, 2020, B298856) [nonpub. opn.].)

After our disposition of defendant's appeal, however, the Legislature passed and the Governor signed Senate Bill No. 775 (2020-2021 Reg. Sess.) (SB 775), which became effective on

2

January 1, 2022. As clarified by SB 775, section 1170.95 applies to persons convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1170.95, subd. (a).) In response to defendant's petition for review of our opinion resolving his appeal, our Supreme Court transferred this cause back to us with directions to vacate our decision and reconsider the matter in light of SB 775 and *People* v. *Lewis* (2021) 11 Cal.5th 952.

We vacated our earlier opinion as instructed and solicited supplemental briefing from the parties. Defendant argues, the Attorney General concedes, and we agree that reversal of the trial court's order summarily denying defendant's section 1170.95 petition is required in light of the change in law. (*People v. Porter* (2022) 73 Cal.App.5th 644, 647; *People v. Montes* (2021) 71 Cal.App.5th 1001, 1006.)

### DISPOSITION

The order denying defendant's section 1170.95 petition is reversed and the matter remanded with directions to appoint counsel for defendant, and to conduct further proceedings consistent with section 1170.95, subdivision (c).


RUBIN, P. J.

WE CONCUR:


BAKER, J.


MOOR, J.

3